Hon. John C. Coughenour

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  **NO. CR  04-0352  JCC** |
| | ) |
| vs. | )  **DEFENDANT'S SENTENCING** |
| | )  **MEMORANDUM** |
| DEVAUGHN DORSEY | ) |
| | ) |
| | )  **[FILED UNDER SEAL]** |
| | ) |
| Defendant | ) |
| | ) |

The defendant, DEVAUGHN DORSEY, by and through counsel, JESSE CANTOR,

respectfully submits the following Sentencing Memorandum.

**SENTENCING DATE**: April 21, 2006

**CHARGES**:    Count 1: Conspiracy to Traffic in Stolen Motor Vehicles;

Count 2: Operating a Chop Shop.

**STATUTORY SENTENCING RANGE**: Count 1: Maximum of 5 years imprisonment; Count

2, Maximum of 15 years imprisonment.

**SENTENCING GUIDELINES RANGE:**

*U.S.S.G. Calculation from U.S. Probation*

SENTENCING MEMORANDUM  - 1

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

US Probation calculates the defendant's range as 140 months to 175, based on a total offense level of 28 with a criminal history category of VI.  This calculation is based on US Probation not affording the defendant a 3 point reduction for acceptance of responsibility.

*U.S.S.G. Calculation from the Government and the Defense*

The Government takes the position that the defendant is deserving of the 3 point reduction.  Accordingly, the range is 110 months to 137 months based on a total offense level of 25 and a criminal history category of VI.  The defense is in agreement that the correct total offense level is a 25 for the same reasons set forth in the Government's sentencing memorandum.

*Agreed Sentencing Guideline Range*

Despite the U.S.S.G. guideline range, the Defense and the Government entered into an agreement that based on the unique circumstances of the instant case, the appropriate guideline range would be 84 to 96 months in custody.

The Government and Probation are both recommending a period of 96 months in custody.  For the reasons mentioned below, the defense is recommending 84 months in custody.  The defense is further requesting that This Court include in the judgment and sentence that the defendant shall receive credit for 35 months of real time served in State prison for offenses that the Government used to calculate the Total Offense Level.  The defense will further request an additional 111 days of time the defendant served in the King County Jail awaiting transfer to the Federal Detention Center to face the instant charges.  Accordingly, the defense will request a total of 38 months of credit for time served in the State system as such time was served in connection with the instant offense.

SENTENCING MEMORANDUM - 2

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

## AUTHORITY IN SUPPORT OF DEFENSE'S SENTENCING RECOMMENDATION

On April 22, 2004, Devaughn Dorsey was arrested in connection with the instant charges. Specifically, he was arrested on suspicion of auto theft and on suspicion of switching VIN numbers on stolen cars. Although he was originally arrested by local police and detained at the King County Jail, the plan was for the U.S. Attorney's office to take the matter over from the local authorities and prosecute Mr. Dorsey in Federal Court.

Federal law enforcement, including Mr. Lang from the U.S. Attorney's Office, contacted Mr. Dorsey at the King County Jail sometime in early May of 2004. At that point, Mr. Dorsey immediately began negotiating with the Government and further agreed to cooperate.

### *First Sealed Plea Agreement*

On August 11, 2004, Mr. Dorsey entered into a Sealed plea agreement where he would plead as charged and agree to cooperate with law enforcement. On August 12, 2004, Mr. Dorsey was then transported from the King County Jail to the Federal Detention Center. Mr. Dorsey then was released from detention the following day. In exchange for Mr. Dorsey's cooperation, the Government agreed to an imprisonment term of 48 months pursuant to Rule 11(c)(1)(C). *See Dkt # 5.*

Mr. Dorsey's cooperation began in May of 2004. As explained in the Government's sentencing memorandum, when Mr. Dorsey was released from custody in August of 2004 he continued to assist law enforcement with investigating auto theft rings. In fact, while released Mr. Dorsey's cooperation led to an arrest of a target who was subsequently prosecuted in King County Superior Court. *Gov't Memo at p.5.*

SENTENCING MEMORANDUM - 3

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

Sometime in late August or early September of 2004, the Seattle Police Department suspected that Mr. Dorsey was engaging in further criminal activity. Specifically, the police believed that Mr. Dorsey, during his release, was involved in stealing cars and switching VIN plates on stolen cars. *See Dkt # 16*. Although Mr. Dorsey was subsequently arrested, Mr. Dorsey has not been formally charged with any alleged criminal activity committed during his release. On September 22, 2004, Mr. Dorsey returned to Federal Custody and has been incarcerated since that date to the present day.

On November 22, 2004, the Government formally gave notice of its intent to withdraw from the plea agreement. *See Dkt # 16*. The Government asserted that the Defendant breached the plea agreement by engaging in continued criminal activity. *Id*. The defense then filed a response to the Government's notice of intent and denied that Mr. Dorsey was involved in any criminal activity. The defense then requested an evidentiary hearing. *See Dkt # 18*.

No evidentiary hearing was ever conducted regarding the defendant's alleged continued criminal activity. Instead, however, the parties agreed to continue their efforts in using Mr. Dorsey as a cooperating witness, despite his incarceration.

*Second Plea Agreement*

Following Mr. Dorsey's arrest in September 2004, he continued to participate in proffer sessions with the Government. Although the Government is of the position that the Defendant's proffers do not amount to "substantial assistance," the Government is of the opinion that some of the information proved to be useful. Accordingly, the Government proposed a second plea agreement authorizing a sentencing range of 84 to 96 months, a range that is below the USSG range for Mr. Dorsey's total offense level and criminal history category.

SENTENCING MEMORANDUM - 4

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

On February 4, 2005, Mr. Dorsey pled guilty to the second Plea Agreement charging him with Count 1, Conspiracy to Traffic in Stolen Motor Vehicles, and Count 2, Operating a Chop Shop.

*The Defendant's Affirmative Steps toward Rehabilitation*

Since his incarceration, Mr. Dorsey has devoted his time to creating and publishing a consumer protection guide to protect one's vehicle from auto theft. *See attached exhibit.* The idea for this publication is entirely the Defendant's idea. No one suggested to Mr. Dorsey that he partake in this project for leniency purposes. Mr. Dorsey decided to create this publication as a statement to everyone that he is genuinely sincere about changing his path and ultimately being a productive member of society.

The publication has been an absolute success. A number of dealerships have expressed interest in carrying the publication. But most notably, Renton Honda wants This Court to know that the publication itself contains "a lot of great information" that the dealership was able to use. They were able to then learn more about their own mistakes that put them at risk of future auto thefts. *See attached exhibit.*

This conviction will result in the longest period of incarceration for Mr. Dorsey. Although he has been in and out of jail on State offenses, he has never experienced a Federal prosecution. Mr. Dorsey is a 32 year old man who has enormous support from his family. Furthermore, he is a very intelligent man who will dedicate himself to projects that genuinely can help and serve the community. Again, this is evidenced by his educational pamphlet that he created on his own to assist dealerships and consumers in protecting their vehicles from auto theft. Although on paper Mr. Dorsey may appear to be an "institutionalized" man, his

SENTENCING MEMORANDUM - 5

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600