1  intelligence, his family support, together with this eye-opening Federal experience has given him

2  hope that he still can lead a productive life and serve others in the not too distant future.

3  *Authority in Support of Credit for Time Served in State Prison*

4       Although the defendant entered into a plea agreement with the Government that the

5  appropriate standard sentencing range should be 84 to 96, the plea agreement does leave open the

6  opportunity for the Defendant to request credit for time served in State Prison for relevant

7  conduct that was the basis for any increase in the total offense level.  Accordingly, the defense is

8  seeking credit for 38 months of real time served in State prison and County Jail for such relevant

9  conduct.

10       In the plea agreement, the Defendant has accepted responsibility for possessing 22 stolen

11  vehicles.  Of those 22 incidents, the Defendant has served State prison time pertaining to the

12  incidents noted in subsections (a) through (g) of Paragraph 9 that details the agreed upon

13  Statement of Facts.  Specifically, the March 17, 2000 incidents were prosecuted under King

14  County Superior Court Cause number 00-C-02503-0 KNT.  The January 18, 2001 incident was

15  prosecuted under King County Superior Court number 01-1-00234-8 KNT.  *See Attachments.*

16  Mr. Dorsey received a sentence of 24 months and 22 months respectively, with each sentence to

17  run concurrent with one another.  *See PSI at p.25.*  Finally, for the August 31, 2001, incident

18  noted at subsection (g), Mr. Dorsey was sentenced to a term of 27 months under King County

19  Cause number 01-1-08281-3 SEA.  *See PSI at p.26.*  This 27 month prison commitment did not

20  run concurrent with the 24 month commitment.  After receiving good time credit, Mr. Dorsey

21  served a total of 16 months on cases 00-C-02503-0 KNT and 01-1-00234-8 KNT, and a total of

22  19 months on case # 01-1-08281-3 SEA.  Accordingly, Mr. Dorsey served a total of 35 months

23

24

25

SENTENCING MEMORANDUM - 6

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

of real time in State Prison for relevant conduct used to calculate the total offense level for the instant Federal charge.

Finally, upon adding 111 days of incarceration for time served in county jail while awaiting Federal charges, Mr. Dorsey served a total of 38 months in State custody for relevant conduct.

Section 5G1.3(b) of both the 2004 and 2005 Sentencing Guidelines permits the sentencing court to award credit for time served from another offense "that is relevant conduct to the instant offense of conviction . . . and that was a basis for an increase in the offense level for the instant offense . . ." However, Section 5G1.3 expressly pertains to situations where the defendant, at the time of sentencing, has an "undischarged term of imprisonment" from the other offense that is considered relevant conduct to the instant offense. As such, the sentencing court is directed to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." USSG 5G1.3(b)(1). A likely example of the Bureau of Prisons not typically recognizing credit for time served on an undischarged sentence would be sentences imposed for State convictions, even when such offenses are used to calculate the total offense level for the Federal sentence.

Although Section 5G1.3 only pertains to undischarged terms of imprisonment, the Sentencing Commission, as well as other Circuits, have applied the logic of Section 5G1.3(b) to cases where the defendant is seeking credit for time served on other "relevant conduct" convictions where the term of imprisonment has been "Discharged." *See Section 5G1.3 Commentary number 4; See also USSG Section 5k2.23 (Discharged Terms of Imprisonment)* (2004 and 2005 editions).

SENTENCING MEMORANDUM - 7

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

In cases where the defendant is seeking credit for time served on an undischarged term of imprisonment for a State offense that was used to calculate the total offense level, the sentencing court would impose a sentence to run concurrent with the State offense. *United States v. Drake*, 49 F.3d 1438, 1440-1441 (9th Cir. 1995). In *Drake*, the Defendant's State armed robbery conviction had been fully taken into account in the determination of the offense level for the Federal charge of being a Felon in Possession of a Firearm. *Id*. The Ninth Circuit ruled that the district court was required to reduce the mandatory minimum sentence for the weapons offense for the time that the defendant had already served in state prison on the robbery sentence. *Id*.

The *Drake* case, however, dealt with a situation where the defendant's State sentence had not yet been discharged at the time of the Federal Sentence. Since the *Drake* decision, the Sentencing Commission has published a policy statement pertaining to cases where the Defendant's discharged sentences have been fully taken into account in the determination of the total offense level for the instant Federal charge. USSG 5K2.23 (effective November 1, 2003). This policy statement undoubtedly was published as a result of defendants seeking credit for time served on discharged State convictions that were used to calculate the total offense level. Specifically, there was a need to determine if the same logic and reasoning of Section 5G1.3 could equally apply to situations where the defendant's state term of imprisonment had already been discharged, but yet the Government was still using the state conviction to calculate the total offense level.

In *United States v. O'Hagen*, 139 F.3d 641 (8th Cir. 1998), the Eighth Circuit followed the reasoning of the Seventh Circuit and held that USSG Section 5G1.3 is equally applicable to discharged sentences, and that there is nothing in the legislative history to suggest otherwise. *United States v. O'Hagen*, 139 F.3d at 657-658. In *O'Hagen*, prior to his Federal sentence, the

SENTENCING MEMORANDUM - 8

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

defendant had already served and completed a 30 month state prison commitment for a "same relevant conduct" offense that was used to calculate the total offense level in Federal court. The Court of Appeals ruled that the district court had authority to depart downward to give the defendant credit for the time served on his expired state sentence. On the 30 month sentence, factoring good time credit, the Court of Appeals affirmed the district court's decision to grant the defendant 23 months of credit for time served. *Id*.

In the instant case, Mr. Dorsey is in a position that is very similar to *O'Hagen*. In fact, Mr. Dorsey's situation falls into the category of cases that prompted the publication of USSG Section 5K2.23. The Government accused Mr. Dorsey of a conspiracy that began on or around April of 1999. The period of this conspiracy covered relevant conduct that was prosecuted in State court. Such relevant conduct resulted in convictions that landed Mr. Dorsey in State prison for a period of 35 months. Furthermore, such conduct was then subsequently prosecuted in Federal court in April of 2004 after Mr. Dorsey had completed his State sentences on the "relevant conduct" offenses. Finally, the Government used such relevant conduct offenses to calculate the total offense level for Mr. Dorsey. Specifically, the parties stipulated to a loss dollar amount of $400,000 to $1,000,000 based in part on the value of the vehicles noted in subsections (a) through (g) of the plea agreement. Mr. Dorsey has previously served State prison time for stealing those very same vehicles. Accordingly, Mr. Dorsey is seeking credit for the 35 months of time served in State prison for such relevant conduct offenses.

## CONCLUSION

Mr. Dorsey is respectfully requesting a sentence at the bottom of the agreed upon range, specifically a sentence of 84 months. However, Mr. Dorsey is seeking 35 months of credit for time served on expired state sentences that were imposed for conduct used to calculate the total

SENTENCING MEMORANDUM - 9

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

1  offense level for the Federal charges.  Additionally, Mr. Dorsey is also requesting 111 days of

2  time that he served in the King County Jail while he was negotiating with the U.S. Attorney's

3  office prior to the filing of the indictment.  In total, Mr. Dorsey is seeking 38 months of credit for

4  time served pursuant to USSG Section 5K2.23.

5

6  DATED AND SUBMITED:  This 15th day of April, 2006

7

8  S/ Jesse Cantor_____
   Jesse Cantor, WSBA # 26736

9  Attorney for the Defendant

10

11                    CERTIFICATE OF SERVICE

12  I, Jesse Cantor, attorney for the defendant, hereby certify that on this 15th Day of April, 2006, I
    served a true and correct copy of the foregoing pleading with the attached exhibits to the

13  following parties via e-mail:

14  Michael Lang, Assistant United States Attorney:  Mike.Lang@usdoj.gov

15  And served via Fax to:

16  Steven McNickle, United States Probation:  Fax #: 206-370-8551

17

18  DATED:  April 15th, 2006

19  s/ Jesse Cantor_____
    Jesse Cantor

20

21

22

23

24

25

SENTENCING MEMORANDUM - 10

Jesse Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600