UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:04-CR-352-RSL |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO UNSEAL COURT RECORDS |
| DEVAUGHN DORSEY, | |
| Defendant. | |

This matter comes before the Court on non-party Master Anthony-Jones' motions to unseal certain documents, Dkt. #88, and to renote his motion to unseal the documents. Dkt. #96.

On February 4, 2005, defendant Devaughn Dorsey pled guilty to Conspiracy to Traffic in Stolen Motor Vehicles and Operating a Chop Shop. Dkt. #20. He filed a sealed sentencing memorandum on April 16, 2006. Dkt. #38. He was sentenced to 84 months on April 21, 2006. Dkt. #41. On October 26, 2006, the government filed a sealed Rule 35 motion to reduce defendant's sentence. Dkt. #63. A sealed attachment to the Rule 35 motion was filed on the same day. Dkt. #64. Defendant filed a sealed response on November 2, 2006. Dkt. #66. The Court issued a sealed order on December 7, 2006, Dkt. #67, and a supplemental memorandum was filed on December 19, 2006. Dkt. #68. On January 25, 2007, defendant's sentence was reduced to 48 months. Dkt. #71. On September 24, 2010, he was sentenced on revocation of probation to 36 months, Dkt. #86, to run concurrent with the sentence imposed in another case

against him. See United States v. Dorsey et al., No. 2:08-CR-245-RSL-1 (W.D. Wash. Sept. 24, 2010) (judgment).

On April 16, 2018, Anthony-Jones filed a motion "request[ing] the Court to order the Clerk to make the "sealed motions, documents, and orders" contained within this cause of action, viewable by the public…" Dkt. #88 at 1. Specifically, he requests the unsealing of documents at Dkt. #38, and Dkt. #63-#68 ("the Court Records"). Dkt. #88 at 2-3. Anthony-Jones asserts that, "[t]o demonstrate good cause for granting the Rule 35 motion, [defendant] proffered his cooperation in several state and federal criminal investigations" and that the Court Records contain the "subject matter of [this] cooperation." Dkt. 88 at 1. He argues that they contain "valuable impeachment evidence concerning [defendant]'s motivation [to] testify against him, which includes, but is not limited to [defendant]'s bias and self preservation mens rea." He wishes to use this evidence in his state criminal proceedings. See id. at 3-4.

As the government points out in its Response, see Dkt. #91, without confirming the contents of the Court Records, any documents relating to cooperation must be "filed under seal, with access provided only to court staff." Fed. R. Crim. P. 55(b)(9). On this ground alone, Anthony-Jones' motion to unseal them must be denied.

The Court also notes, however, that Anthony-Jones had access to information sufficient to impeach defendant, and did so in his state criminal proceedings. See Dkt. #92-1, Dkt. #92-2. As defendant points out in his Response, Dkt. #92, the Court of Appeals of Washington specifically stated that "[d]efense counsel sought to impeach the[] informants [including Devaughn Dorsey] in multiple ways: with prior crimes of dishonesty, use of aliases, lengthy criminal records and some inconsistencies between their testimony and their prior statements, as well as their desire to gain some benefit from their cooperation." State v. Anthony-Jones, 148 Wash. App. 1012 at *2 (2009). In his Reply, Anthony-Jones argues that the State on direct examination created the "false impression that no deal existed between the State of Washington, and [defendant]" and he could not impeach defendant because "the State had not yet exchanged anything with [defendant] for his testimony – a fact evidenced by [the Court Records]." He

1  quotes from defendant's testimony that he was not offered "anything in exchange for [his]

2  testimony" by the King County Prosecutor's Office. Dkt. #93 at 28. However, as can be seen in

3  the transcript attached to his Reply, the testimony continues: "Q. How about the federal

4  government, can you tell us what, if anything, they offered you as it relates to your testimony

5  here today? A. Um, they offered me, um, a Rule 35, um, providing if I testify truly, correctly, I

6  guess to this incident." Id. at 28. He was also cross-examined on his reasons for testifying. Id. at

7  54-55 ("Q. Mr. Dorsey, today you are here hoping to reduce your sentence further by testifying,

8  aren't you? A. No, that's not my sole purpose. … Q. And you know that if you didn't testify in

9  this case, you would have no chance of a Rule 35, would you? A. Correct. … Q. You

10 understand, don't you, that the person who's going to report to the U.S. Attorney is the

11 prosecutor in this case, right? A. Correct."). Defendant was extensively questioned on both

12 direct and cross examination about this Rule 35 motion, his understanding of it, his discussions

13 with the government, and the chronology of events that led up to it. See Dkt. #93 at 28-37; 44-

14 58. Leaving aside any issue of the timeliness of his motion, see Dkt. #92 at 2, Dkt. #93 at 4-5,

15 Anthony-Jones has already had ample opportunity to impeach defendant.

16       For all the foregoing reasons, Anthony-Jones' motion to unseal the Court Records is

17 DENIED. His motion to renote the motion to unseal the Court Records is DENIED as moot.

18       DATED this 17th day of December, 2018.

19

20

21

22                                    _Mٓ S Lasnik_
                                       Robert S. Lasnik
23                                     United States District Judge

24

25

26

27

28

ORDER DENYING MOTION TO UNSEAL
COURT RECORDS - 3